ALLACCESS LAW GROUP
Irakli Karbelashvili, State Bar Number 302971
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
Email: Irakli@allaccesslawgroup.com

Attorney for JAMES ALGER, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>         Plaintiff,<br><br>    vs.<br><br>M. 2. S. INC., an Alaska corporation, dba Forever Carmel; and M25 INC., an Alaska corporation, dba Forever Carmel,<br><br>         Defendants. | **Case No.** 25-cv-8251<br><br>*Civil Rights*<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PERSONS WITH PHYSICAL DISABILITIES, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br>**DEMAND FOR JURY TRIAL** |

1  Plaintiff JAMES ALGER ("Plaintiff") complains of Defendants M. 2. S. INC., an Alaska corporation, dba Forever Carmel; and M25 INC., an Alaska corporation, dba Forever Carmel (collectively, "Defendants"), and alleges as follows:

## INTRODUCTION:

1. Over thirty-five years ago, President Bush signed the Americans with Disabilities Act ("ADA"), establishing the most important civil rights law for persons with disabilities in our nation's history. One of the principal goals of the ADA is the integration of people with disabilities into the country's economic and social life. 42 U.S.C. § 12101(a). Despite this long-standing mandate, on August 9, 2025, Plaintiff was denied full and equal access to Defendants' goods and services at a store known as Forever Carmel, located at or around 2SW San Carlos, Carmel, CA 93923 ("Forever Carmel").[1] Defendants, as the owners, operators, lessors, and lessees of Forever Carmel, have failed to comply with the ADA by constructing and/or failing to remove architectural and/or policy barriers that prevent persons who use wheelchairs and other mobility devices from fully using and enjoying their facilities in the same manner as able-bodied persons. In so doing, Defendants have also violated California civil rights laws, including, the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 et seq., and the California Disabled Persons Act ("DPA"), Cal. Civ. Code § 54 et seq.

2. As a result of Defendants' discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be, prevented and/or deterred from accessing and using Defendants' goods, services, and facilities to the same extent as, and in a manner equal to, his able-bodied peers. Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to provide "full and equal" access to their public facilities for disabled persons as required by law and compensation for his injuries.

## JURISDICTION:

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. § 12201 et seq. Pursuant to supplemental jurisdiction, attendant and related

---

[1] 36.55500° N, 121.92208° W

causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of the Unruh Act, and the DPA.

### *VENUE:*

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District.

### *INTRADISTRICT ASSIGNMENT:*

5. This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's claims arose in this intradistrict.

### *PARTIES:*

6. Plaintiff suffers from Charcot-Marie-Tooth disease an inherited peripheral neuropathy that affects the peripheral nerves controlling muscle function and sensation in the hands, arms, legs, and feet. A work injury caused this condition to accelerate rapidly. As a result, Plaintiff experiences severe difficulty walking and standing, as well as impairments in fine motor skills, substantially limiting one or more major life activities. He requires the use of a wheelchair or scooter ("Wheelchair") for mobility and drives a specially equipped vehicle with hand controls. Plaintiff has continuously held a permanent disabled parking placard issued by the State of California since approximately 1994.

7. Defendants are, and at all relevant times were, the owners, operators, lessors and/or lessees, or agents of the owners, lessors, lessees, and/or alter egos, franchisors and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by Forever Carmel and subject to the requirements of California State law requiring full and equal access to public facilities pursuant to the Unruh Act, the DPA, Title III of the ADA and all other legal requirements referred to in this complaint.

8. Plaintiff does not know the relative responsibilities of each of the Defendants in the operation of the facilities herein complained of, and allege joint venture and common enterprise by all such Defendants.

9.  Forever Carmel is a public accommodation as defined under Title III of the ADA and DPA and also a business establishment under the Unruh Act.

### *FACTS:*

10. On August 9, 2025, Plaintiff was midway through a two-day visit to the Monterey Bay and Carmel area. As a regular annual member of the Monterey Bay Aquarium, he often plans short trips that combine his love of the coast with shopping, art, coffee, and wine tasting.

11. The weekend coincided with the lead-up to Monterey Car Week. Even before the official start, rare and exotic automobiles were already rolling into town, providing an early glimpse of the excitement without the heavy crowds.

12. That afternoon Plaintiff stopped at Forever Carmel. From the street it looked appealing, with a storefront that promised the kind of whimsical browsing experience Carmel is known for.

13. Inside, however, accessibility was a serious problem:

   a. Merchandise displays were crammed into narrow aisles, leaving inadequate space to maneuver and making several turns physically impossible in a Wheelchair.

   b. On more than one occasion, fellow shoppers had to step aside or adjust items so Plaintiff could pass, and in some cases, he had to back out of aisles entirely just to re-route—an undignified and frustrating experience.

   c. The sales counter offered no lowered or accessible section, and its height made it impractical to complete a transaction independently from a seated position. Plaintiff was, however, able to complete his purchase with assistance.



14. The lack of accessible paths and checkout access turned what should have been a pleasant and simple visit into one marked by unnecessary difficulty and exclusion.

15. Plaintiff is deterred from returning from Forever Carmel so long as it remains inaccessible to him. Plaintiff will return once access is provided.

16. Prior to the filing of this action, Plaintiff's counsel retained an accessibility inspector to conduct a prefiling inspection of the subject premises. Although the inspector was unable to take detailed measurements, he confirmed that the barriers encountered by Plaintiff remained present.

17. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

18. Defendants knew that these elements and areas of the subject premises were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the subject premises without much difficult or expense and make the subject premises accessible to the physically disabled. To date, however, Defendants refuse to remove those barriers.

19. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify Forever Carmel to remove impediments to access and to comply with the 1991 and/or 2010 ADA Standards for Accessible Design and Title 24 regulations. Defendants have not removed such impediments and have not modified Forever Carmel to conform to accessibility standards.

## FIRST CLAIM:
## VIOLATION OF THE ADA, TITLE III
### [42 U.S.C. § 12101 et seq.]

20. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

21. Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities.

22. Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time he may attempt to access and use the subject facilities.

23. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

24. The acts and omissions of Defendants set forth in this complaint were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it.

25. Plaintiff alleges on information and belief that Forever Carmel was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendant violated the ADA by designing or constructing (or both) Forever Carmel in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

26. The removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

27. As noted throughout this Complaint, the removal of each of the architectural barriers complained of here was also required under California law.

28. Plaintiff alleges on information and belief that Forever Carmel was modified after January 26, 1993. Any alterations, structural repairs, or additions since January 26, 1992, have independently triggered requirements for the removal of barriers to access for disabled persons per § 12183 of the ADA.

29. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits that are unequal to that afforded to people without disabilities; (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of Forever Carmel to individuals with disabilities; (c) failing to remove architectural barriers that are structural in existing facilities where such removal is readily achievable; and (d) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of Forever Carmel available through alternative methods if such methods are readily achievable.

30. On information and belief, as of the date of Plaintiff's visit to Forever Carmel and as of the filing of this complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against him on the basis of his disability, thus wrongfully denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. The ability to navigate wide enough interior aisles, utilize adequate turnaround space, and access an accessible counter at Forever Carmel is a fundamental necessity. Without these features, Plaintiff cannot fully benefit from or make use of the goods and services offered at the premises on an equal basis. The benefits of barrier removal far outweigh any associated costs, which are fundamental to operating a public accommodation, just like any other essential business function. Accordingly, removal of these barriers is readily achievable. Indeed, the Department of Justice has expressly identified barriers of this type as presumptively readily achievable to remove.

31. Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

32. Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### [Cal. Civil Code §§ 51 et seq.]

33. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

34. Forever Carmel is a business establishment within the meaning of the Unruh Act.

35. Defendants are the owners and/or operators of a business establishment.

36. Defendants violated the Unruh Act by its acts and omissions:

   a. Failure to construct or alter Forever Carmel in compliance with state building code and state architectural requirements,

   b. Failure to remove known barriers to access at Forever Carmel,

   c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of Forever Carmel; and

   d. Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

37. Plaintiff has experienced barriers to access at Forever Carmel, all of which have caused him difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

38. On information and belief, Forever Carmel is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

39. These barriers to access render Forever Carmel and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

40. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

41. As for Defendants' violations of the Unruh Act that are not predicated on violations of

the ADA, Defendants' conduct was intentional. Defendants knew, or were made aware of, their duties to remove barriers that prevent persons with mobility disabilities, including Plaintiff, from obtaining full and equal access to the Forever Carmel. Defendants' discriminatory practices and policies, which deny full enjoyment of the Forever Carmel to persons with physical disabilities, demonstrate actual and implied malice as well as a conscious disregard for the rights of Plaintiff and other similarly situated individuals. Defendants have thus engaged in willful and affirmative misconduct in violation of the Unruh Act.

42. On information and belief, the access features of Forever Carmel have not been improved since Plaintiff's visit there. Plaintiff's injuries are ongoing so long as Defendants do not modify its policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CLAIM:
### VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
### [Cal. Civil Code §§ 54 *et seq.*]

43. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

44. The subject premises are a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the provisions of the DPA, California Civil Code § 54 *et seq.*

45. The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

46. The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

47. The DPA also provides that a violation of the ADA is *a per se* violation of the DPA, California Civil Code § 54.1(d). Defendants have violated the DPA by, among other things, denying and/or interfering with Plaintiff rights to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability, including, but not limited to the following:

    a. Failure to construct or alter the Facilities in compliance with state building code and state architectural requirements;

    b. Failure to remove known barriers to access at the subject premises;

    c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the subject premises;

    d. Failure to maintain accessible features in violation of CBC 11B-108; and

    e. Violation of the ADA, including the 1991 and/or the 2010 Standards, a violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).

WHEREFORE, Plaintiff requests relief as outlined below.

### ***PRAYER:***

WHEREFORE, Plaintiff prays that this court award damages and provide relief as follows:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to all persons, including but not limited to persons with physical disabilities who use wheelchairs, and issue a preliminary and permanent injunction directing Defendants to provide and maintain facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy (Note: Plaintiff is note invoking Civ. Code § 55);

2. Retain jurisdiction over the defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible

public facilities as complained of herein no longer occur, and can not recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

5. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

6. Award to Plaintiff prejudgment interest pursuant to California Civil 17 Code §3291;

7. Grant such other and further relief as this Court may deem just and proper.

Dated: September 27, 2025        /s/ Irakli Karbelashvili
                                 Irakli Karbelashvili, Attorney for Plaintiff
                                 JAMES ALGER

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: September 27, 2025        /s/ Irakli Karbelashvili
                                 Irakli Karbelashvili, Attorney for Plaintiff
                                 JAMES ALGER